**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MICHIGAN**

## Motion to Remove Federal Detainer and Brief in Support

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                                                    Case No.  22-20525-01

ERIC DEXTER WELCH,

     Defendant

MOTION TO REMOVE FEDERAL DETAINER AND FOR RELEASE PENDING FINAL
REVOCATION HEARING

NOW COMES Defendant, ERIC DEXTER WELCH by and through counsel, and respectfully
moves this Honorable Court for an Order removing or suspending the federal detainer
lodged against him and for release pending final revocation proceedings pursuant to Fed. R.
Crim. P. 32.1(a)(6).

FACTUAL BACKGROUND

Defendant is on federal supervised release and is currently being held on newly filed state
felony charges. The Defendant is lodged in the Brown County Jail in Wisconsin.  A federal
detainer has been lodged based upon alleged violations of supervised release. Defendant
has not been convicted of the pending state charges, and the allegations remain unproven.

ARGUMENT

I. THE COURT HAS DISCRETION TO MODIFY OR WITHDRAW THE DETAINER.

In Moody v. Daggett, 429 U.S. 78 (1976), the Supreme Court held that a defendant is not
constitutionally entitled to an immediate revocation hearing solely because a detainer has
been lodged. However, Moody does not require a detainer to remain in place and does not
limit this Court's discretion to withdraw or suspend a detainer when justice requires.

II. FUNDAMENTAL FAIRNESS FAVORS RELIEF.

In Morrissey v. Brewer, 408 U.S. 471 (1972), the Supreme Court recognized that revocation proceedings must be fundamentally fair and based upon reliable facts. Here, Defendant has not been convicted of the pending charges, and continued detention based solely upon unresolved allegations undermines those principles.

III. THE INTERESTS OF JUSTICE FAVOR ALLOWING THE STATE CASE TO PROCEED.

The federal detainer effectively prevents meaningful consideration of release by the state court. The state court is capable of imposing appropriate conditions of release while preserving Defendant's appearance for future proceedings. See Smith v. Hooey, 393 U.S. 374 (1969) (recognizing the importance of orderly and prompt disposition of criminal proceedings).

While on supervised release, the Defendant has built a $2 million dollar company, Garvic Power (garvicpower.com). As a result, numerous people depend on him to keep their employment.

CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court remove or suspend the federal detainer, permit release as determined appropriate by the state court, and grant any further relief deemed just and proper.

Respectfully submitted,


/S/ John E. Melton

_____

John E. Melton (P56294)
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion and Brief was served upon the United States Attorney's Office on June 10, 2026


/S/ John E. Melton

_____

[Attorney Name]