**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**


UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                          Case No.  22-20525-01

ERIC DEXTER WELCH,

      Defendant


**BRIEF IN SUPPORT OF MOTION TO REMOVE FEDERAL DETAINER AND FOR RELEASE PENDING FINAL REVOCATION HEARING**

---

Defendant, ERIC DEXTER WELCH by and through counsel, respectfully submits this Brief in Support of the Motion to Remove or Suspend the Federal Detainer and states as follows:

I. INTRODUCTION

Defendant is currently subject to a federal detainer arising from alleged violations of supervised release. Defendant is presently being held on pending state charges that have not resulted in a conviction. The continued maintenance of the federal detainer unnecessarily interferes with the state court's ability to determine conditions of release and imposes significant restrictions upon Defendant despite the absence of a judicial finding that Defendant committed the alleged offenses.

Accordingly, Defendant requests that this Court remove or suspend the federal detainer, or alternatively grant release pending final revocation proceedings pursuant to Federal Rule of Criminal Procedure 32.1.

II. STATEMENT OF FACTS

Defendant is on federal supervised release and is currently being held on newly filed state felony charges. The Defendant is lodged in the Brown County Jail in Wisconsin. A federal detainer has been lodged based upon alleged violations of supervised release. Defendant has not been convicted of the pending state charges, and the allegations remain unproven.

III. ARGUMENT

A. The Court Possesses Authority to Remove or Suspend the Federal Detainer.

Federal courts retain broad authority over supervised-release proceedings and possess discretion to fashion appropriate relief consistent with the interests of justice.

B. Moody v. Daggett Does Not Require Continued Enforcement of the Detainer.

In Moody v. Daggett, 429 U.S. 78 (1976), the Supreme Court held that a defendant is not constitutionally entitled to an immediate revocation hearing merely because a warrant or detainer has been lodged. However, Moody does not require the continued maintenance of a detainer in every case and does not limit this Court's discretion to suspend or withdraw a detainer when justice so requires.

C. Fundamental Fairness Supports Relief.

The Supreme Court has recognized that revocation proceedings must be fundamentally fair. Morrissey v. Brewer, 408 U.S. 471 (1972). Here, the allegations underlying the supervised-release violation remain unproven. Continued detention based solely upon unresolved allegations is inconsistent with the principles of fairness discussed in Morrissey.

D. The Interests of Justice Favor Allowing State Proceedings to Continue Without Unnecessary Federal Interference.

The state court is fully capable of determining appropriate conditions of release. The federal detainer effectively prevents meaningful consideration of bond and undermines the state court's traditional role in managing its own criminal proceedings.

E. Defendant Is Not a Flight Risk or Danger to the Community.

The federal detainer effectively prevents meaningful consideration of release by the state court. The state court can impose appropriate conditions of release while preserving Defendant's appearance for future proceedings. See Smith v. Hooey, 393 U.S. 374 (1969) (recognizing the importance of orderly and prompt disposition of criminal proceedings).

While on supervised release, the Defendant has built a $2 million dollar company, Garvic Power (garvicpower.com). As a result, numerous people depend on him to keep their employment. He has every incentive to continue to cooperate with the court in order to preserve his freedom and his company.

IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court remove or suspend the federal detainer, permit release as determined appropriate by the state court, or grant such other relief as the Court deems just and proper.

Respectfully submitted,

/S/ John E. Melton

_____

Attorney for Defendant

Dated: June 10, 2026

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Brief in Support was served upon the United States Attorney's Office on June 10, 2026

/S/ John E. Melton

_____

Attorney for Defendant