UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,

v.

ERIC DEXTER WELCH,

              Defendant.

Case No. 22-cr-20525

HON. STEPHEN J. MURPHY
United States District Judge

---

**UNITED STATES' OPPOSITION TO DEFENDANT'S APPLICATION TO RELEASE FEDERAL HOLD**

---

On June 10, 2026, defendant requested that the federal hold arising from his violation of his terms of supervised release be removed so that he could potentially be released in his Wisconsin state case wherein he is a defendant. This Court should deny the defendant's request because the Court does not have jurisdiction over the defendant's state custody status, and his application is premature regarding the hold.

## BACKGROUND

After a two-day jury trial Welch was convicted of possession of child pornography. Building an essential safeguard to keep the community safe, the court sentenced him to 168 months' imprisonment and a lifetime of supervised release to follow. Welch was released from Bureau of Prisons' custody and began supervision on August 31, 2022.

On March 16, 2026, officers with the Brown County Sheriff's office in Green Bay, Wisconsin responded to a call from a Holiday Inn Express hotel in reference to an indecent exposure complaint. Officers spoke with an adult victim who reported that the defendant had exposed his penis while in a hot tub with her and two minors. On May 3, 2026, officers with the Richland Center Police Department received a call regarding a potential solicitation of minors.  While investigating that call, officers observed the defendant driving in his vehicle and when they made contact with him, they determined he was under the influence of alcohol.  The defendant was arrested for Operating While Intoxicated.

On May 6, 2026, a complaint was filed in Brown County charging the defendant with two counts of Exposing Genitals/Public Area/Intimate Parts to a Child and one count of Lewd, Lascivious Behavior – Exposing.  On May 7, 2026, an arrest warrant was issued, and the defendant was returned on that warrant and had his initial appearance on May 15, 2026. A cash bond of $5,000 was set. On June 16, 2026, an information was filed against the defendant, and his arraignment is scheduled for July 16, 2026.

The defendant's new law violations gave rise to a Petition filed in this Court (*see* ECF No. 12) on May 4, 2026, which included an arrest warrant be issued.  This Court granted the issuance of an arrest warrant. *Id.* The United States Marshals lodged a federal hold pursuant to the May 4, 2026, warrant. This action resulted in

2

the placement of a federal detainer on the defendant so that, in the event the defendant posts his state bail, he will automatically enter federal custody.

ARGUMENT

Defendant's motion to compel this Court to remove the warrant for alleged violations of supervised release is without merit and should be denied by the Court. The law is well-settled that a defendant has no constitutionally protected right to an immediate hearing when a parole or supervised release violation warrant is lodged as a detainer. *Moody v. Daggett*, 429 U.S. 78, (1976); *Brundage v. Snyder*, 27 Fed. App'x 572 (6th Cir. 2001); *Bennett v. Bogan*, 66 F.3d 812, 818 (6th Cir. 1995). In *Moody*, the United States Supreme Court ruled,

> "[W]ithout regard to what process may be due petitioner before his parole may be finally revoked, we hold that he has been deprived of no constitutionally protected rights simply by issuance of a parole violator warrant. The Commission therefore has no constitutional duty to provide petitioner an adversary parole hearing until he is taken into custody as a parole violator by execution of the warrant." (Emphasis added.)

429 U.S. at 89.

Here, the defendant is not entitled to address the issuance of the federal detainer prior to being taken into federal custody because the detainer has no present or immediate effects upon any of his protected constitutional interests. Further, it is reasonable, expedient, and efficient to wait for resolution of the pending state criminal charges against the defendant before this Court delves into the alleged

3

supervised release violations here. Finally, regarding the defendant's assertion that he wants to, or intends to, post bail in his state case, the defendant has, as of now, not met the conditions of the state court's bail nor demonstrated that he is being currently detained solely on a federal warrant. Moreover, the defendant cannot show nor has he even alleged that the supervised release warrant has been executed by service on him. *Brundage,* 27 Fed. App'x at 572*; Bennett,* 66 F.3d at 818. Therefore, the defendant is not being held on the federal warrant and is not entitled to any due process proceedings in federal court at this time.

Furthermore, the law is clear that a defendant may ultimately serve the full term of any imposed sentence for crimes committed during a period of supervised release before the supervised release hearing occurs. See *United States v. Ivy*, 678 Fed. App'x 369, 374-75 (6th Cir. 2017)(five year delay before supervised release hearing is not unreasonable delay); *United States v. Throneburg*, 87 F.3d 851, 853 (6th Cir. 1996); *United States v. Cobbs*, 436 F. Supp.2d 860 (E.D. MI, June 26, 2006). Only in cases where the warrant is served after the expiration of the period of supervised release or the warrant is executed while the defendant is in custody on other charges does a defendant have a due process rights within a reasonable time. *Id.*

4

CONCLUSION

For the reasons set forth above, the defendant is not entitled to the removal or dismissal of the warrant for alleged supervised release violations.

Respectfully submitted,

United States Attorney

Dated: June 26, 2026

s/ *Katharine Hemann*
Assistant United States Attorney
101 First Street, Ste. 200
Bay City, MI  48708
Phone: (989) 895-5712
Katharine.hemann@usdoj.gov
WSBA #: 46237

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

s/*Katharine Hemann*
Katharine Hemann
Assistant United States Attorney
101 First St., Suite 200
Bay City, MI 48708
989-895-5712
Katharine.Hemann@usdoj.gov

5