UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

Case No. 22-cr-20525

v.

HON. STEPHEN J. MURPHY
United States District Judge

ERIC DEXTER WELCH,

---

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF APPLICATION TO RELEASE OR MODIFY FEDERAL DETAINER**

---

**TABLE OF AUTHORITIES**

Cases
Moody v. Daggett, 429 U.S. 78 (1976)
Brundage v. Snyder, 27 F. App'x 572 (6th Cir. 2001)
Bennett v. Bogan, 66 F.3d 812 (6th Cir. 1995)
United States v. Ivy, 678 F. App'x 369 (6th Cir. 2017)
United States v. Throneburg, 87 F.3d 851 (6th Cir. 1996)

Statutes and Rules
18 U.S.C. §§ 3583, 3606
Fed. R. Crim. P. 32.1

**Introduction**

The Government's opposition addresses a constitutional argument Defendant has not made. Defendant does not seek an immediate revocation hearing. Instead, he asks this Court to exercise its discretion over its own warrant and the resulting federal detainer. None of the authorities cited by the Government hold that the Court lacks authority to modify, withdraw, or stay execution of its own warrant where appropriate.

**Statement of Facts**

Defendant is detained in Wisconsin on pending state charges. A federal supervised-release warrant was issued and a detainer lodged. Defendant sought relief from the federal hold because it prevents release even if state bond is satisfied. The Government argues only that Defendant has no right to an immediate revocation hearing and that the Court should await disposition of the state proceedings.

I.      **Moody and the Sixth Circuit Cases Are Distinguishable**

The Government's reliance on Moody is misplaced. Moody concerns when due process requires a revocation hearing after a violator warrant has been lodged. Defendant does not seek such a hearing. Likewise, *Brundage, Bennett, Ivy*, and T*hroneburg* address timing of revocation proceedings rather than the Court's discretion over issuance and execution of its own warrant.

II.     **The Court Has Continuing Authority Over Its Own Process**

Federal district courts retain inherent authority to supervise criminal proceedings and to control their own warrants. Defendant requests relief directed solely at the federal warrant and detainer, not the Wisconsin proceedings. Therefore, the Government's jurisdictional argument does not answer the relief requested.

III.    **The Detainer Imposes Immediate Liberty Consequences**

The detainer is not merely administrative. It ensures continued incarceration notwithstanding satisfaction of state bond. While Moody rejected a constitutional entitlement to an immediate hearing, it did not hold courts must ignore the real-world effects of maintaining a detainer. The government argues that the allegations make the Defendant a threat to the public. Respectfully, the court in Wisconsin is a better judge of

that given they have immediate access to the facts of their case and know how best to protect the public in their jurisdiction. If the court in Wisconsin deems that the Defendant can and should be released on bond with conditions set, the federal government need not intervene and second-guess that local determination.

### IV.     Rule 32.1 and 18 U.S.C. §§ 3583 and 3606 Preserve Judicial Discretion

Neither Rule 32.1 nor the supervised-release statutes require the Court to leave a detainer in place until the conclusion of state proceedings. Those authorities provide procedures governing arrest and revocation but do not eliminate judicial discretion concerning execution of a warrant. According to Defendant's state court counsel, given docket congestion in that jurisdiction, that state court case could take *up to two years to get to trial*. In the meantime, the Defendant will have lost his business and home even if he is able to post bond in the state case *and*-most importantly-the Defendant will have lost everything he has worked for even in the state court charges are found to be baseless.

### V.     Equity and Judicial Economy Favor Tailored Relief

Defendant remains presumed innocent of the pending Wisconsin charges. If the Court concludes outright withdrawal is unwarranted, it may instead stay execution of the warrant, modify the detainer, or fashion other conditions that preserve federal jurisdiction while avoiding unnecessary detention.

### Conclusion

For these reasons, Defendant respectfully requests that the Court deny the Government's requested relief, grant Defendant's application, and withdraw, modify, or

stay execution of the federal detainer, or grant such other relief as the interests of justice require.

Respectfully submitted,

*John Melton*
_____
John Melton (P56294)
Attorney for Defendant