UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                Case No. 1:22-cr-20525

      Plaintiff,

                HONORABLE STEPHEN J. MURPHY, III

v.

ERIC DEXTER WELCH,

      Defendant.

                      /

## ORDER DENYING MOTION FOR
## REVOCATION OF FEDERAL DETAINER [15]

In 2010, a jury in the Western District of Michigan convicted Defendant Eric Dexter Welch for possessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2) and § 2256(8)(A). *United States v. Welch*, No. 2:10-cr-8, ECF No. 59, PageID.156 (W.D. Mich. 2010) (Maloney, J.). The Court sentenced him to 168 months' imprisonment and a life term of supervised release. *Id.* at ECF No. 59, PageID.157–158. After he was released from custody, the Eastern District accepted transfer for Welch's supervision. ECF No. 2.

In May 2026, Defendant was charged in Wisconsin state court with two counts of Exposing Genitals/Public Area/Intimate Parts to a Child and one count of Lewd, Lascivious Behavior – Exposing, as well as operating a vehicle while intoxicated. ECF No. 17, PageID.279; ECF No. 12. Because of the new violations, a Petition was filed, ECF No. 12, and the Court issued an arrest warrant. ECF No. 13. The United States Marshals thus lodged a federal hold pursuant to the May 4, 2026 arrest, which

1

resulted in a federal detainer on Defendant. Defendant then moved to remove the federal detainer. ECF No. 15.

A defendant "has been deprived of no constitutionally protected rights simply by issuance of a parole violator warrant." *Moody v.* Daggett, 429 U.S. 78, 89 (1976). Thus, he is entitled to no process "until he is taken into custody as a parole violator by execution of the warrant." *Id. Moody* was clear: Defendant is not entitled to a supervised release detention determination until he is taken into custody by execution of the federal detainer. *See also United States v. Ivy*, 678 F. App'x 369, 374–75 (6th Cir. 2017) (explaining that a five-year delay between state arrest and supervised release hearing did not violate the Defendant's constitutional rights). What is more, even if the Court had discretion or jurisdiction to decide Defendant's federal custody status, it would not accept Defendant's invitation to do so now. Defendant was arrested on serious state charges. Once the fully capable state court makes determinations as to detention and/or resolution of the state charges, the Court will address Defendant's alleged supervised release violations.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion for revocation of his detainer [15] is **DENIED**.

SO ORDERED.

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 10, 2026

2